# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL R. WARREN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>RALPH M. DIAZ, Warden,<br><br>　　　　Respondent. | Case No. CV 13-3627-JAK (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

On May 21, 2013, Paul R. Warren ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus, in which he challenges his 1983 state court conviction.

The Court's review of the Petition reveals that it is deficient in that Petitioner has failed to use the approved Central District habeas form for a person in state custody. See Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts (authorizing the District Court by Local Rule to require that habeas petitions be filed in a form prescribed by the Local Rule); Local Rule 83-16.1.

Accordingly, the Petition is **DISMISSED WITH LEAVE TO AMEND**. If Petitioner elects to pursue this action, he is **ORDERED** to file an amended petition using the proper habeas form within **thirty (30) days** of the date of this Order. The clerk is

directed to send Petitioner a blank form Petition for Writ of Habeas Corpus By a Person In State Custody (28 U.S.C. § 2254) for this purpose.

The amended petition shall reflect the same case number as the petition, be clearly labeled "First Amended Petition," and be filled out completely.  In Paragraph 7 of the First Amended Petition, Petitioner shall specify **separately and concisely** each federal constitutional claim that he is pursuing and answer all of the questions pertaining to each such claim.  If Petitioner attaches a supporting memorandum of points and authorities, the arguments therein should correspond to the claims listed in Paragraph 7 of the habeas petition form and should not include any additional claims.

Petitioner shall immediately notify the Court of any change to Petitioner's address.  If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute and failure to comply with a court order.  See Local Rule 41-6.

Finally, Petitioner is cautioned that his failure to file a First Amended Petition by **July 5, 2013**, may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.  No extension of this deadline will be granted absent a showing of good cause.

**IT IS SO ORDERED.**

DATED: June 4, 2013              /s/ *John E. McDermott*
                                 JOHN E. MCDERMOTT
                                 UNITED STATES MAGISTRATE JUDGE